JUDGE GARDEPHE   12 CV 2045



**ARCHER & GREINER, P.C.**
One Centennial Square
P.O. Box 3000
Haddonfield, NJ 08033-0968
(856) 795-2121
Attorneys for Defendants
NL Environmental Management Services, Inc.
NL Industries, Inc.

BY:   LISA ANNE R. BICOCCHI, ESQUIRE
      CHRISTOPHER R. GIBSON, ESQUIRE
      PATRICK M. FLYNN, ESQUIRE

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| INDIAN HARBOR INSURANCE COMPANY, <br><br> Plaintiff, <br><br> vs. <br><br> NL ENVIRONMENTAL MANAGEMENT SERVICES, INC.; NL INDUSTRIES, INC.; SAYREVILLE SEAPORT ASSOCIATES, L.P.; J. BRIAN O'NEILL PROPERTIES GROUP, L.P.; BANK OF AMERICA, N.A.; THE PROVIDENT BANK, N/K/A M&T BANK; THE NORTHERN TRUST CO.; SAYREVILLE SEAPORT ASSOCIATES ACQUISITION COMPANY, LLC; THE PRUDENTIAL INSURANCE COMPANY OF AMERICA; SAYREVILLE ECONOMIC & REDEVELOPMENT AGENCY; MIDDLESEX COUNTY; and MERION CONSTRUCTION MANAGEMENT, LLC, <br><br> Defendants. | Civil Case No.: |

## NOTICE OF REMOVAL

Defendants NL Environmental Management Services, Inc. and NL Industries, Inc.

(collectively "the NL Companies"), through their undersigned counsel, hereby remove this

action from the Supreme Court of the State of New York, New York County, to the United States District Court for the Southern District of New York, on the following grounds:

1.      The NL Companies are defendants in a civil action that was filed on or about January 18, 2012, in the Supreme Court of the State of New York, New York County, captioned as <u>Indian Harbor Insurance Co. v. NL Environmental Management Services, Inc., et al.</u>, Index No. 12-100549, (the "Action"). No answers have yet been filed in the Action.

2.      Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of the Summons and Complaint filed in this Action is attached hereto as Exhibit "A."

3.      The NL Companies agreed to permit their counsel to accept service of the Summons and Complaint in lieu of formal service.  Pursuant to NY CPLR 306, the NL Companies' counsel acknowledged receipt of the Summons and Complaint as of March 1, 2012.

4.      This Notice of Removal is being filed within thirty (30) days of service on the NL Companies of the Summons and Complaint in this Action as required by 28 U.S.C. § 1446(b).

5.      The Action is one over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) in that Plaintiff and all named Defendants are diverse citizens.

6.      Plaintiff's Complaint alleges that it is a company domiciled in the State of North Dakota, with its principal place of business in the State of Connecticut.  (<u>See</u> Ex. A, at ¶ 1.)  As such, Plaintiff is a citizen of the States of Connecticut and North Dakota.

7.      Defendant NL Environmental Management Services, Inc. is a corporation organized and existing under the laws of the State of New Jersey, with its principal place of business in the State of Texas.  (<u>See</u> Ex. A, at ¶ 2.)  As such, NL Environmental Management Services, Inc. is a citizen of the States of New Jersey and Texas.

2

8.    Defendant NL Industries, Inc. is a corporation organized and existing under the laws of the State of New Jersey, with its principal place of business in the State of Texas. (See Ex. A, at ¶ 3.) As such, NL Industries, Inc. is a citizen of the States of New Jersey and Texas.

9.    Defendant Sayreville Seaport Associates, L.P. ("SSA") is a limited liability partnership organized and existing under the laws of the State of Delaware, with its principal place of business in the Commonwealth of Pennsylvania. (See Ex. A, at ¶ 4.) Upon information and belief, SSA's partner is a citizen of the State of Delaware. As such, SSA is a citizen of the State of Delaware.

10.    Defendant J. Brian O'Neill is a citizen of the Commonwealth of Pennsylvania. (See Ex. A, at ¶ 5.)

11.    Defendant O'Neill Properties Group, L.P. ("O'Neill Properties") is a limited partnership organized and existing under the laws of the State of Delaware, with its principal place of business in the Commonwealth of Pennsylvania. (See Ex. A, at ¶ 6.) Upon information and belief, O'Neill Properties' partners are citizens of the Commonwealth of Pennsylvania and the State of Delaware. As such, O'Neill Properties is a citizen of the Commonwealth of Pennsylvania and the State of Delaware.

12.    Defendant Bank of America, N.A. ("BOA") is a national association with its principal place of business located in the State of North Carolina. (See Ex. A, at ¶ 7.) As such, BOA is a citizen of the State of North Carolina.

13.    Defendant The Provident Bank, now known as M&T Bank, N.A. ("M&T") is a national association with its principal place of business located in the State of New York. (See Ex. A, at ¶ 8.) As such, M&T is a citizen of the State of New York.

3

14.     According to the Complaint, Defendant The Northern Trust Company ("Northern Trust") is a company with its principal place of business located in the State of Illinois. (See Ex. A, at ¶ 9.) Upon information and belief, Northern Trust is also a corporation organized and existing under the laws of the State of Illinois. As such, Northern Trust is a citizen of the State of Illinois.

15.     Defendant Sayreville Seaport Associates Acquisition Company, LLC ("SAAC") is a limited liability company organized and existing under the laws of the Commonwealth of Pennsylvania with its principal place of business also located in the Commonwealth of Pennsylvania. (See Ex. A, at ¶ 10.) Upon information and belief, SAAC's partner is a citizen of the State of Delaware. As such, SAAC is a citizen of the State of Delaware.

16.     Defendant The Prudential Insurance Company of America ("Prudential") is domiciled in the State of New Jersey with its principal place of business also located in the State of New Jersey. (See Ex. A, at ¶ 11.) As such, Prudential is a citizen of the State of New Jersey.

17.     Defendant Sayreville Economic Redevelopment Authority, a/k/a the Sayreville Economic and Redevelopment Agency ("SERA"), is a municipal entity with its principal place of business located in the State of New Jersey. (See Ex. A, at ¶ 12.) As such, SERA is a citizen of the State of New Jersey.

18.     Defendant Middlesex County is a municipal entity with a principal place of business located in the State of New Jersey. (See Ex. A, at ¶ 13.) As such, Middlesex County is a citizen of the State of New Jersey.

19.     Defendant Merion Construction Management, LLC ("Merion"), is a limited liability company organized and existing under the laws of the Commonwealth of Pennsylvania with its principal place of business also located in the Commonwealth of Pennsylvania. (See Ex.

A, at ¶ 14.)  Upon information and belief, Merion's partner is a citizen of the Commonwealth of

Pennsylvania.  As such, Merion is a citizen of the Commonwealth of Pennsylvania.

20.    The Action is one over which this Court has original jurisdiction pursuant to 28

U.S.C. § 1332(a) in that the amount in controversy exceeds the sum or value of $75,000.00,

exclusive of interest and costs.  Although the Complaint in this Action does not provide a

specific amount in question, the amount in controversy exceeds the sum or value of $75,000,

exclusive of interest and costs.  In 2008, Plaintiff Indian Harbor Insurance Co. issued a ten-year

Pollution and remediation Legal Liability policy ("the policy") related to the environmental

remediation of contaminated land in Sayreville, New Jersey (the "Site").  The policy named the

NL Companies, among others, as insureds.   Under the policy, the limits of liability are

$20,000,000 for each POLLUTION CONDITION (as defined therein) and in the aggregate.  In

2009, the NL Companies were named as defendants in an action filed in the United States

District Court for the District of New Jersey, captioned <u>Raritan Baykeeper, Inc. v. NL Industries,</u>

<u>Inc., et al.,</u> Civil Action Number 09-4117 ("Raritan Baykeeper Action").  The Raritan Baykeeper

Action involves claims under the Resource Conservation and Recovery Act and the Clean Water

Act in which the plaintiffs are seeking to require the NL Companies, among others, to pay for the

remediation of contaminated sediments in the Raritan River, which is adjacent to the Site.

Plaintiff and the NL Companies disagree as to whether the policy covers the NL Companies'

legal fees incurred in defense of the Raritan Baykeeper Action.  To date, the legal fees paid by

the NL Companies related to the Raritan Baykeeper Action and tendered to Plaintiff are far in

excess of $75,000.00, exclusive of interest and costs.  Through this Action, Plaintiff now seeks to

disclaim any responsibility to insure the NL Companies for their legal fees related to the Raritan

Baykeeper Action. Therefore, although not specifically stated, the amount in controversy for this Action exceeds the sum or value of $75,000.00, exclusive of interest and costs.

21.    The Action is one over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a) in that there is diversity of citizenship among all parties and the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs. Therefore, the Action may properly be removed pursuant to 28 U.S.C. § 1441(a).

22.    This Removal is made without waiver of any defenses.

WHEREFORE, Defendants NL Environmental Management Services, Inc. and NL Industries, Inc. respectfully request that this case proceed in this Court as an action properly removed thereto.

LISA ANNE R. BICOCCHI, ESQUIRE
**ARCHER & GREINER, P.C.**
Court Plaza South, West Wing
21 Main Street, Suite 353
Hackensack, NJ  07601-7095
Phone: 201-342-6000
LBicocchi@archerlaw.com

Dated:  March 19, 2012

8154392v1

# Exhibit A

RECEIVED

FEB 2 4 2012

ARCHER & GREINER
A PROFESSIONAL CORPORATION

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

| | |
|---|---|
| INDIAN HARBOR INSURANCE COMPANY, | Index No. *100549/12* |
| Plaintiff, | |
| v. | VERIFIED COMPLAINT |
| NL ENVIRONMENTAL MANAGEMENT SERVICES, INC.; NL INDUSTRIES, INC.; SAYREVILLE SEAPORT ASSOCIATES, L.P.; J. BRIAN O'NEILL; O'NEILL PROPERTIES GROUP, L.P.; BANK OF AMERICA, N.A.; THE PROVIDENT BANK, n/k/a M&T BANK; THE NORTHERN TRUST CO.; SAYREVILLE SEAPORT ASSOCIATES ACQUISITION COMPANY, LLC; THE PRUDENTIAL INSURANCE COMPANY OF AMERICA; SAYREVILLE ECONOMIC REDEVELOPMENT AUTHORITY, a/k/a SAYREVILLE ECONOMIC & REDEVELOPMENT AGENCY; MIDDLESEX COUNTY; and MERION CONSTRUCTION MANAGEMENT, LLC, Defendants. | |

Plaintiff, Indian Harbor Insurance Company, with its principal place of business located

at Seaview House, 70 Seaview Avenue, Stamford, Connecticut 06902, for its complaint against

Defendants, NL Environmental Management Services, Inc., NL Industries, Inc., formerly known

as National Lead Company, Sayreville Seaport Associates, L.P., J. Brian O'Neill, O'Neill

Properties Group, L.P., Bank of America, N.A., as Mortgagee, The Provident Bank, n/k/a M&T

Bank, as Mortgagee, The Northern Trust Co., as Mortgagee, Sayreville Seaport Associates

Acquisition Company, LLC, The Prudential Insurance Company of America, Sayreville

NEW YORK
COUNTY CLERK'S OFFICE

JAN 1 8 2012

NOT COMPARED
WITH COPY FILED

1502229

Economic Redevelopment Authority, a/k/a Sayreville Economic & Redevelopment Authority, Middlesex County, and Merion Construction Management, LLC, alleges as follows:

## THE PARTIES

1.     Plaintiff Indian Harbor Insurance Company ("Indian Harbor"), is an insurance company domiciled in the State of North Dakota and is authorized to do business in the State of New York.

2.     Defendant NL Environmental Management Services, Inc. ("EMS") is a corporation organized under the laws of the State of New Jersey, with a principal place of business located at 5430 LBJ Freeway, Suite 1700, Dallas, Texas, 75240.

3.     Defendant NL Industries, Inc., formerly known as National Lead Company ("NL"), is a New Jersey corporation organized under the laws of the State of New Jersey, with a principal place of business located at 5430 LBJ Freeway, Suite 1700, Dallas, Texas, 75240.

4.     Defendant Sayreville Seaport Associates, L.P. ("SSA") is a limited partnership organized the laws of the State of Delaware, with a principal place of business located at 2701 Renaissance Boulevard, Fourth Floor, King of Prussia, Pennsylvania, 19406.

5.     Defendant J. Brian O'Neill is an individual residing in the State of Pennsylvania with a business address of 2701 Renaissance Boulevard, Fourth Floor, King of Prussia, Pennsylvania, 19406.

6.     Defendant O'Neill Properties Group, L.P., is a limited partnership organized under the laws of the State of Pennsylvania, with a principal place of business located at 2701 Renaissance Boulevard, Fourth Floor, King of Prussia, Pennsylvania, 19406.

7.     Defendant Bank of America, N.A., as Mortgagee, is a national association with its principal place of business located at 100 North Tryon Street, Charlotte, North Carolina, 28225.

8.      Defendant The Provident Bank, as Mortgagee, now known as M&T Bank, is a national association with its principal place of business located at 1 M&T Plaza, Buffalo, New York 14203.

9.      Defendant The Northern Trust Co., as Mortgagee, has a principal place of business located at 50 South LaSalle Street, Chicago, Illinois, 60603.

10.      Defendant Sayreville Seaport Associates Acquisition Company, LLC, is a limited liability company organized under the laws of the State of Pennsylvania, with a principal place of business located at 2701 Renaissance Boulevard, Fourth Floor, King of Prussia, Pennsylvania, 19406.

11.      Defendant The Prudential Insurance Company of America is an insurance company domiciled in New Jersey with a principal place of business located at 751 Broad Street, Newark, New Jersey, 07102.

12.      Defendant Sayreville Economic Redevelopment Authority, a/k/a the Sayreville Economic and Redevelopment Agency, is a municipal entity with a principal place of business located at 167 Main Street, Sayreville, New Jersey, 08872.

13.      Defendant Middlesex County is a municipal entity with a principal place of business located at 75 Bayard Street, New Brunswick, New Jersey, 08901.

14.      Defendant Merion Construction Management, LLC, is a limited liability company organized under the laws of the State of Pennsylvania, with a principal place of business located at 700 South Henderson Road, Suite 225, King of Prussia, Pennsylvania, 19406.

## FACTS COMMON TO ALL CAUSES OF ACTION

15.     Indian Harbor issued to SSA a Pollution and Remediation Legal Liability policy, policy number PEC0027486, for the period of October 15, 2008, to October 15, 2018 (the "Policy").

16.     The Policy contains the following New York forum selection clause in its Conditions section:

> K.     **Jurisdiction and Venue** – It is agreed that in the event of the failure of the Company to pay any amount claimed to be due hereunder, the Company and the INSURED will submit to the jurisdiction of the State of New York and will comply with all the requirements necessary to give such court jurisdiction.  Nothing in this clause constitutes or should be understood to constitute a waiver of the Company's right to remove an action to a United States District Court.

17.     The Policy covers one site, which is located at 100 Chevalier Avenue, Sayreville, New Jersey (the "Sayreville Site").

18.     SSA is the first named insured under the Policy.

19.     NL and EMS are additional named insureds under the Policy.

20.     O'Neill, O'Neill Properties, Bank of America, N.A. Individually and as Agent for Itself and the Lenders, Its Successors and\or Assigns, as Mortgagee, The Provident Bank, Its Successors and\or Assigns, as Mortgagee, The Northern Trust Co., Its Successors and\or Assigns, as Mortgagee, Sayreville Seaport Associates Acquisition Company, LLC, Prudential Insurance Company of America, Sayreville Economic Redevelopment Authority, Middlesex County, and Merion Construction Management, LLC (collectively "the Other Additional Named Insureds"), also are additional named insureds under the Policy and are named herein because their interests could be affected by the determination of this action.

21.     The Sayreville Site is surrounded on three sides by the Raritan River.

1502229                                             4

22.     The Sayreville Site contained a lagoon system comprised of three lagoons (the "Tertiary Lagoon"), which were used for containment and settling of effluent and storm water runoff prior to discharge into the Raritan River pursuant to a permit.

23.     The Sayreville Site also contained an area known as the "North Ditch" that drained into the Raritan River.

24.     NL is the former owner and operator of the Sayreville Site.

25.     Upon information and belief, EMS was established in 1998 to manage NL's environmental liabilities at several sites, including the Sayreville Site.

26.     SSA is the Sayreville Site's redeveloper.

27.     NL was identified as a "responsible party" by the New Jersey Department of Environmental Protection ("NJDEP") with respect to contamination of sediments in the Raritan River, which is adjacent to the Sayreville Site.

28.     The Policy provides in relevant part:

ENDORSEMENT #022

RARITAN RIVER SEDIMENT AND TIDAL WETLAND SEDIMENT

* * * * *

1.     Section IV., EXCLUSIONS, is amended by the addition of the following exclusion:

**Raritan River Sediment and Tidal Wetland Sediment**
Solely as respects NL Industries, this Policy does not apply to REMEDIATION EXPENSE and related LEGAL EXPENSE based upon or arising from any POLLUTION CONDITION related to any constituents in the Raritan River sediment and tidal wetland sediment where such constituents are on, at, under, migrating from, or have migrated from any COVERED LOCATION.

Upon the Company's receipt and satisfactory review of a No Further Action (NFA) letter(s), or similar documentation from the applicable Regulatory Authorities which states that No Further

Action is required with respect to the above excluded constituents, this exclusion shall be deleted or otherwise modified, as applicable by the Company. Such deletion or modification shall not be effective until endorsed hereon by the Company. In no event shall the Company be liable for REMEDIATION EXPENSE incurred to achieve such No Further Action status.

* * * * *

## ENDORSEMENT #23

### NATURAL RESOURCE DAMAGES – EXCLUSION
### NL INDUSTRIES ONLY

* * * * *

Solely with respects to NL Industries, Inc., this Policy is amended as follows:

Section IV., EXCLUSIONS, is amended by the addition of the following:

**Natural Resource Damage**
Based upon or arising from any NATURAL RESOURCE DAMAGE.

* * * * *

Section II. DEFINITIONS, S. PROPERTY DAMAGE is deleted in its entirety and replaced with the following:

**S.    PROPERTY DAMAGE** means:

1.  physical injury to or destruction of tangible property, including the resulting loss of use thereof, and including the personal property of third parties;
2.  loss of use of such property that has not been physically injured or destroyed; and/or
3.  diminished third party property value; and/or

caused by any POLLUTION CONDITION.

PROPERTY DAMAGE does not include REMEDIATION EXPENSE.

29.     In 2009, NL and EMS were named as defendants in an action captioned *Raritan Baykeeper, Inc. v. NL Industries,* Civil Action Number 09-4117 (the *"Raritan Baykeeper* Action").

30.     In the *Raritan Baykeeper* Action, the plaintiffs sought to require NL and EMS to remediate contaminated sediments in the Raritan River.

31.     Indian Harbor has disclaimed coverage for NL and EMS for the *Raritan Baykeeper* Action based, *inter alia,* on the Raritan River Sediment and Tidal Wetland Sediment Endorsement and reserved all of its rights with respect to disclaimer of the claim on other grounds.

## AS AND FOR A FIRST CAUSE OF ACTION
### (Declaratory Judgment)

32.     Indian Harbor repeats each and every allegation contained in Paragraphs 1 through 31 of the complaint as if set forth at length.

33.     Indian Harbor denies that NL and EMS are entitled to coverage under the Policy for the *Raritan Baykeepers* Action.

34.     There is a justiciable controversy between Indian Harbor, NL and EMS as to whether coverage is provided to NL and EMS under the Policy for the *Raritan Baykeeper* Action.

35.     The entry of a declaratory judgment will resolve the controversy giving rise to this proceeding.

**WHEREFORE,** Plaintiff Indian Harbor Insurance Company demands a judgment pursuant to C.P.L.R. § 3001 declaring that:

(1)     All references to "NL" or "NL Industries" in the Policy include and refer to both NL and EMS;

(2)     Defendants NL and EMS are not entitled to defense or indemnification under the Policy for the *Raritan Baykeeper* Action; and

(3)     Judgment providing for such other relief, all other damages and attorney's fees as the Court may deem necessary and proper.

## AS AND FOR A SECOND CAUSE OF ACTION
### (Reformation)

36.     Indian Harbor repeats each and every allegation contained in Paragraphs 1 through 35 of the Complaint as if set forth at length.

37.     Pursuant to a Settlement Agreement and Release dated April 1, 2010 (the "Settlement Agreement"), and a Reinstated and Amended Settlement Agreement and Release dated June 26, 2008, between NL, EMS, SSA, the Sayreville Economic and Redevelopment Agency ("SERA") and the County of Middlesex (the "Amended Settlement Agreement"), NL and EMS agreed to retain responsibility for remediation of the Raritan River sediments adjacent to the Site and for natural resource damages ("NRDs") arising from groundwater contamination in, on, under, at or that have migrated from the Sayreville Site.

38.     The parties to the Settlement Agreement and the Amended Settlement Agreement refer to NL and EMS collectively as the "NL Companies" throughout the document.

39.     The Settlement Agreement and the Amended Settlement Agreement further provide that SSA shall obtain an environmental insurance policy covering the Sayreville Site and naming the "NL Companies," SERA and the County of Middlesex as additional insureds, but NL and EMS would not be named as additional insureds with respect to any coverage provided for "NRD Liabilities" and "Raritan River Liabilities," as defined in the 2008 Settlement Agreement.

40.     The Settlement Agreement and the Amended Settlement Agreement define "Raritan River Liabilities" as follows: "any environmental investigation and remediation

required by EPA, NJDEP or any third-party relating to sediment contained in the Raritan River and/or the Tidal Wetlands on the Property, together with any NJDEP or EPA oversight costs relating thereto, and including any liability for NRDs associated herewith."

41.     NL and EMS's liability for remediation of the Raritan River and NRD was well known to all of the parties before the Policy incepted.

42.     Because EMS was created specifically to manage the environmental liabilities of NL, EMS's environmental liabilities are derivative of and duplicative of NL's environmental liabilities.

43.     On April 8, 2008, at the request of SSA's broker, Indian Harbor issued a quote for an environmental insurance policy for the Sayreville Site.

44.     "NL Industries" was identified as an additional named insured on the April 8, 2008 policy quote.

45.     Each of the named insureds identified in the April 8, 2008 policy quote, including "NL Industries," was identified on an endorsement relative to the Raritan River Liabilities, which was then Endorsement Number 24, and NRDs, which was then Endorsement Number 25.

46.     Thereafter, at SSA's broker's request, "NL Industries Environmental Management Services" and others were added to the list of additional named insureds on the draft policy.

47.     The purpose of the policy quote and the issuance of the Policy was to comply with the obligations to obtain insurance coverage set forth in the Settlement Agreement, which was later superseded by the Amended Settlement Agreement.

48.     Due to a scrivener's error, "NL Industries Environmental Management Services" and the other newly-added additional named insureds were not added to the Raritan River

Liabilities Endorsement (Endorsement No. 22).   In addition, "NL Industries Environmental Management Services" was not added to the Natural Resource Damages Endorsement (Endorsement No. 23).

49.   Notwithstanding, the parties understood that EMS and NL would be treated identically under the Policy and that EMS would be entitled to no greater coverage than would NL.

50.   None of the parties requested of Indian Harbor or its agent, XL Insurance ("XL"), that EMS be provided insurance coverage for the Raritan River Liabilities or NRD Liabilities.

51.   Indian Harbor, individually or through XL, did not agree and would not have agreed to provide EMS with insurance coverage for the Raritan River Liabilities or NRD Liabilities.

52.   The parties had a meeting of the minds that EMS would have the same coverage as would NL under the Policy and that EMS would not be covered for the Raritan River Liabilities or NRD Liabilities.

53.   To the extent that the language of the Policy is not interpreted by the Court to preclude coverage for EMS for the *Raritan Baykeepers* Action or for any other Raritan River Liability or NRD Liability, then this writing fails to express the agreement between the parties.

54.   The reason for this failure to express the agreement between the parties is a mutual mistake of fact by the parties as to the language of the Policy that warrants judicial reformation of the Policy to accurately reflect the parties' actual agreement.

55.   Reformation of the Policy to include the term "NL Industries Environmental Management Services, Inc." after each time that "NL" or "NL Industries" is identified in the

Policy will accurately reflect the parties' actual agreement and resolve the controversy giving rise to this proceeding.

56.     Indian Harbor and Defendants had an actual agreement as to the coverage provided by the Policy.

57.     Indian Harbor and Defendants agreed to put their agreement into writing in the form of the Policy.

58.     There is a variance between the agreement between Indian Harbor and Defendants and the Policy as written.

59.     The Policy did not place the risk of a scrivener's error upon Indian Harbor.

60.     The Policy, as reformed, would accurately set forth the parties' actual agreement and is one to which, upon information and belief, Defendants would have agreed had they known of the error.

**WHEREFORE**, Plaintiff Indian Harbor Insurance Company demands a judgment:

(1)     Reforming the Policy to include the term "NL Industries Environmental Management Services, Inc." after each time that "NL" or "NL Industries" is identified in the Policy;

(2)     Declaring that EMS is entitled to the same coverage and subject to the same limitations and exclusions as is NL under the Policy;

(3)     Declaring that NL and EMS are not entitled to defense or indemnification under the Policy for the Raritan River Sediment and Tidal Wetland Sediment Liability and Natural Resource Damages, including the *Raritan Baykeeper* Action; and

(4)     Entering judgment providing for such other relief, all other damages and attorney's fees as the Court may deem necessary and proper.

Dated: New York, New York
      January 17, 2012

                              PORZIO, BROMBERG & NEWMAN, P.C.


                              By  _____
                                          Charles J. Stoia
                                  *Attorneys for Plaintiffs Indian Harbor Insurance*
                                  *Company*
                                  156 West 56th Street, Suite 803
                                  New York, New York 10019
                                  (212) 265-6888


1502229                                12

## VERIFICATION

CHARLES J. STOIA, an attorney duly admitted to practice law in the State of New York, affirms the truth of the following:

1.     I am a principal with Porzio, Bromberg & Newman, P.C., attorneys for the plaintiffs herein.

2.     I have read the foregoing Verified Complaint, know the contents thereof, and the same are true to my own knowledge, except those matters stated to be alleged on information and belief, and as to those matters I believe them to be true.

3.     The reason that this verification is made by your affirmant and not by the plaintiff is that the plaintiff is not a domestic corporation and is not personally in the county in which my firm maintains its office.

Dated: New York, New York
      January 17, 2012

                                              CHARLES J. STOIA