UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
INDIAN HARBOR INSURANCE CO., :
:
        Plaintiff, :
: NO. 12-cv-2045 (PGG)
        v. :
: **ANSWER AND**
NL ENVIRONMENTAL MANAGEMENT : **COUNTERCLAIM**
SERVICES, INC., et al., :
: **ECF Case**
        Defendants. :
:
-----------------------------------------------------------X

      Defendants Sayreville Seaport Associates, L.P. ("Sayreville"), J. Brian O'Neill, O'Neill Properties Group, L.P., Sayreville Seaport Associates Acquisition Company, LLC, Merion Construction Management, LLC (collectively, "Answering Defendants"), by their counsel, answer the Verified Complaint as follows:

    1.    Admitted on information and belief.

    2.    Admitted on information and belief.

    3.    Admitted on information and belief.

    4.    Admitted.

    5.    Admitted.

    6.    Admitted.

    7.    Admitted on information and belief.

    8.    Admitted on information and belief.

    9.    Admitted on information and belief.

    10.    Admitted.

    11.    Admitted.

12.  Admitted on information and belief.

13.  Admitted on information and belief.

14.  Admitted.

15.  Denied as stated. Plaintiff issued a Pollution and Legal Liability Policy No. PEC0027486 (the "Policy") with Sayreville identified as the First Named Insured of the Policy and the other Answering Defendants as Additional Named Insureds.

16.  Admitted.

17.  Denied as stated. The Policy identifies in Endorsement #011 the Covered Location as an approximate 440-acre site located at 100 Chevalier Avenue, Sayreville, New Jersey 08872 (hereafter, the "Sayreville Site").

18.  Denied as stated. The Policy identifies Sayreville as the First Named Insured.

19.  Admitted that NL Industries, Inc. ("NL") and NL Environmental Management Services, Inc. ("NL EMS") are each listed as an Additional Named Insured in Endorsement #001 of the Policy.

20.  Admitted that each of the defendants identified are also listed as an "Additional Named Insured" in Endorsement #001 of the Policy, and each has an interest that could be affected by the determination of this action.

21.  Denied as stated. Admitted that the Sayreville Site abuts the Raritan River on three of its "sides."

22.  Denied as stated. Admitted that records regarding historical operations of the Sayreville Site so indicate.

23.  Denied as stated. Admitted that records regarding historical operations of the Sayreville Site so indicate.

24. Admitted.

25. Denied as stated. Admitted that NL has so described NL EMS.

26. Admitted.

27. Admitted on information and belief.

28. Admitted.

29. Admitted.

30. Denied as stated. Admitted that the Complaint filed in the referenced lawsuit seeks the relief requested.

31. Admitted on information and belief.

32. The averments set forth in paragraphs 1 through 31 hereof are incorporated by reference as if set forth at length herein.

33. Admitted.

34. Admitted on information and belief.

35. Admitted on information and belief.

36. The averments set forth in paragraphs 1 through 35 hereof are incorporated by reference as if set forth at length herein.

37. Admitted as a fair characterization of the referenced agreements.

38. Admitted that the referenced agreements define the phrase "NL Companies" to include both NL and NL EMS.

39. Admitted as a fair characterization of the referenced agreements.

40. Admitted.

41. Denied as stated. By way of further answer, all parties to the referenced agreements believed and understood that NL and NL EMS could be subject to claims for

954331_1

liability, and may in fact be liable, under existing law for the remediation of the Raritan River sediments and for natural resource damages as a result of environmental contamination of the Raritan River sediments.

42. Admitted as an understanding of the reason for the creation of NL EMS and the basis for claims of liability against NL EMS.

43. Admitted.

44. Admitted.

45. Admitted.

46. Denied and denied as stated. By way of further answer, on information and belief, it appears that the broker of record for the Policy requested that NL EMS also be included as an Additional Named Insured under the Policy, and that the coverage afforded under the Policy be identical to the coverage afforded to NL, understanding that any exclusion from coverage applicable to NL would also be equally applicable to NL EMS.

47. Denied as stated. One purpose of obtaining the Policy was to comply with the requirements set forth in the referenced agreements. But Answering Defendants had other purposes in obtaining the Policy, including to obtain insurance coverage for environmental liability at the Sayreville Site.

48. Admitted on information and belief. By way of further answer, Answering Defendants and plaintiff agreed and intended that NL EMS be added to the referenced endorsements so that the Policy would not provide insurance coverage to NL EMS for the matters identified in the referenced endorsements. The "scrivener's error" was that of plaintiff's agent or representative, who wrote the wording of the Policy that plaintiff actually issued.

Plaintiff and Answering Defendants always intended that the exclusions set forth in the referenced endorsements apply to NL EMS to the same extent as they apply to NL.

49. Admitted that it was the intent and purpose of the parties to the Policy that the coverage provided to NL EMS would be the same as, and no greater than, the coverage provided to NL.

50. After reasonable investigation, Answering Defendants are unaware if any party ever made the request, but it is admitted that plaintiff had agreed to issue the Policy to exclude coverage for "Raritan River Liabilities" and "NRD Liabilities," but that the Policy was mistakenly issued because of a scrivener's error by an agent or representative of plaintiff.

51. Admitted on information and belief.

52. Admitted for the reasons set forth in paragraphs 46 through 50 hereof, which are incorporated by reference herein.

53. Admitted for the reasons set forth in paragraphs 46 through 50 hereof, which are incorporated by reference herein.

54. Denied as a conclusion of law. By way of further answer, the reason that the Policy was issued without including NL EMS within the exclusions set forth in endorsement nos. 22 and 23 of the Policy was a scrivener's error by an agent or representative of plaintiff. As plaintiff concedes, the parties negotiated and agreed that the Policy would be issued without this scrivener's error.

55. Denied as a conclusion of law. By way of further answer, the Policy was intended to be issued by including NL EMS within the exclusions set forth in endorsement nos. 22 and 23. Reformation or reissuance of the Policy with that language consistent with the parties' intent and agreement would cure the scrivener's error.

56. Admitted for the reasons set forth in paragraphs 46 through 55 hereof. By way of further answer, plaintiff issued a Policy with a scrivener's error made by its agent or representative, and Answering Defendants are entitled to a Policy that provides the full extent of coverage that plaintiff agreed to provide to them, that is, a Policy that does not contain the scrivener's error. In any event, as to Answering Defendants, the coverage provided by the Policy should not be reduced or eroded because of the scrivener's error or any claims payable under the Policy as a result of the scrivener's error.

57. Denied as stated. By way of further answer, the Policy was issued with the scrivener's error made by plaintiff's agent or representative.

58. Admitted for the reasons set forth in paragraph 57 hereof.

59. Denied. By way of further answer, plaintiff issued a Policy with a scrivener's error made by its agent or representative, and Answering Defendants are entitled to a Policy that provides the full extent of coverage that does not contain the scrivener's error. In any event, as to Answering Defendants, the coverage provided by the Policy should not be reduced or eroded because of the scrivener's error or any claims payable under the Policy as a result of the scrivener's error.

60. Denied and denied as stated. The parties did agree to the language of the Policy, but plaintiff issued the Policy with the scrivener's error that plaintiff itself concedes it made. By way of further answer, the averments set forth in paragraphs 55 through 57 hereof are incorporated by reference as if set forth at length herein.

## COUNTERCLAIM

Pursuant to Fed. R. Civ. P. 13, Answering Defendants counterclaim against plaintiff, and aver as follows:

61. The averments set forth in paragraphs 1 through 60 hereof are incorporated by reference as if set forth at length herein.

62. Plaintiff's agent or representative was the scrivener of the Policy.

63. Plaintiff concedes that its agent or representative made a scrivener's error when it issued the Policy by not including NL EMS, in addition to NL, within the exclusions set forth in endorsement nos. 22 and 23 of the Policy.

64. When plaintiff negotiated the language of the Policy, it agreed that both NL and NL EMS would be included within the exclusions set forth in endorsement nos. 22 and 23 of the Policy.

65. Plaintiff's intent was to issue the Policy with language that included NL EMS, as it did NL, within the exclusions from coverage set forth in endorsement nos. 22 and 23 of the Policy.

66. Because the Policy was issued with the scrivener's error, the coverage provided under the Policy to Answering Defendants should not be eroded or otherwise diminished because of plaintiff's scrivener's error.

WHEREFORE, Answering Defendants request that judgment be entered as follows:

1. The Policy be reformed or corrected in the manner requested by plaintiff, or the Policy be so reformed or corrected as to Answering Defendants;

  2. A declaration by the Court that the coverage provided under the Policy to Answering Defendants shall not be eroded or otherwise diminished because of any claims payable to NL EMS under the Policy as a result of plaintiff's scrivener's error;

  3. Costs and counsel fees be awarded against plaintiff and in favor or Answering Defendants; and

  4. Such other and further relief as the Court deems just and proper.

Dated: June 6, 2012

          COHEN TAUBER SPIEVACK & WAGNER P.C.

        BY: *Sari E. Kolatch*
          Sari E. Kolatch
          420 Lexington Avenue
          Suite 2400
          New York, NY 10170
          (212) 586-5800 (phone)
          (212) 586-5095 (facsimile)
          skolatch@ctswlaw.com

OF COUNSEL:

Neil S. Witkes, Esquire
MANKO, GOLD, KATCHER & FOX, LLP
401 City Avenue
Suite 500
Bala Cynwyd, PA 19004
(484) 430-5700 (phone)
(484) 430-5711 (facsimile)
nwitkes@mgkflaw.com